ANDEAR AMUSEMENT CORPORATION and Others, Plaintiffs, *v.*
BENJAMIN F. DEAGOSTINA, as President of the Allied Motion
Picture Operators Union, and Others, Defendants.

Supreme Court, New York County, July 1, 1935.

*Michael E. Reyburn*, for the plaintiffs.

*Murray E. Hartstone*, for the defendants.

WALSH, J.    This is a motion to punish the defendant, its members, and others acting in its behalf, for their alleged violation of an injunction procured by plaintiff in a labor dispute.    Defendant submits no opposing affidavits, but contends that even assuming such violation was committed, the court is without power to pass upon same, but that the issue must be passed upon by a jury.

By·chapter 298 of the Laws of 1935, effective September 1, 1935, a new section (882-a) was added to the Civil Practice Act, which in effect provided that no person shall be punished either by fine or

imprisonment for any alleged contempt arising out of any failure or refusal to obey any mandate of the court contained in or incidental to an injunction order granted by said court in any action involving or growing out of a labor dispute except after a trial by jury to which the defendant shall be entitled as a matter of right.

By chapter 299 of the Laws of 1935, which became a law on April 5, 1935, and by its provisions took effect immediately, section 600 of the Penal Law, providing that any one committing certain enumerated contempts of court is guilty of a misdemeanor, was amended by exempting from such enumerated contempts those involving or growing out of labor disputes as defined in section 753-a of the Judiciary Law. Said chapter also amended the Judiciary Law by adding thereto a new section (753-a) which is substantially a re-enactment of the provisions contained in the amendment of the Civil Practice Act above referred to.

It thus appears that the only difference between these two statutes, excepting the amendment to the Penal Law contained in the latter, is the effective date. Under these circumstances, the general rule of statutory construction, in the absence of the showing of a contrary intent, which is here absent, requires it to be held that the last statute governs and that the provisions of the former statute, to the extent that they are repugnant thereto, must be deemed to have been repealed by implication. The contention of plaintiffs that the only object of chapter 299 was to accomplish the amendment of section 600 of the Penal Law in so far as it applied to contempts in labor disputes is untenable, for not only does the preamble to the act read " to amend the penal law and the judiciary law," but the express wording of the act shows an intention to amend the law with respect to contempt not only under the Penal Law but also under the Judiciary Law. Moreover, section 4 of the latter statute (Chap. 299) provides that " all acts or parts of acts in conflict with the provisions of this act are hereby repealed."

I am of opinion that defendant is entitled to a jury trial. If plaintiffs elect to proceed with their application under these circumstances, they will submit an order accordingly on notice.